**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ARTHUR L. HAIRSTON, SR.,           :
                                          Civil Action No. 05-2203 (FLW)
      Petitioner,    :

      v.                 :           **OPINION**

WARDEN JOHN NASH,                  :

      Respondent.    :

**APPEARANCES:**

    ARTHUR L. HAIRSTON, SR. Petitioner *pro se*
    #03705-087
    FCI Fort Dix
    P.O. Box 38
    Fort Dix, New Jersey 08640

    JOHN ANDRE RUYMANN, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE United States Attorney
    Office of the U.S. Attorney
    402 East State Street, Room 430
    Trenton, New Jersey 08608

**WOLFSON, DISTRICT JUDGE**

    Petitioner Arthur Hairston, Sr, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix), has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole Respondent

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a

is Warden John Nash. For the reasons stated herein, the Court will deny relief and dismiss the Petition.

## I. BACKGROUND

Petitioner is currently serving a sentence of 290 months imprisonment at FCI Fort Dix. (Answer to Petition, Ex. 1.) He was initially incarcerated at FCI Schuylkill (Pennsylvania) on October 9, 2001 (Id., Declaration of Michael D. Tafelski.)

Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C.§2255 in the United States District Court for the Northern District of West Virginia on October 20, 2003; this motion was denied by the sentencing court on October 4, 2004. (Anser, Paragraph 8.) Petitioner appealed the sentencing court's ruling to the Fourth Circuit Court of Appeals on or about October 15, 2004, and the Circuit denied his petition. (Id.)

Petitioner was moved to the Federal Detention Center in Philadelphia on January 5, 2004, and finally arrived at FCI Fort Dix on February 3, 2004. (Id.) He has exhausted administrative remedies with respect to the claim in this Petition. (Id., p.2.) He asserts the following in support of his claim:

---

prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

2

> The Petitioner Hairston was moved in violation
> of Rule 23(a) of the Federal Rules of Appellate
> procedure. The Petitioner was transferred even
> though he had a habeas corpus Petition before
> the District Court. Staff was well aware of the
> court process that the Petitioner is involved in.
> The Petitioner's 5th and 14th, also 1st amendment
> rights [sic] were violated by this illegal transfer
> that left the Petitioner at an unfair [dis]advantage.
> The Petitioner's vital interest was not able
> to be protected. (Petition, Grounds.)

## II. DISCUSSION

A federal habeas corpus petition is required to "specify all the grounds for relief" and to set forth "the facts supporting each of the grounds thus specified." See Rule 2(c) of Rules Governing Section 2254 Cases in United States District Courts, applicable through Rule 1(b) to Petitions under 28 U.S.C. § 2241. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face, see 28 U.S.C. § 2254 Rule 4." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

Moreover, "in conducting habeas review, a federal court is limited to deciding whether a conviction [or confinement] violate[s] the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-120 (1982); Barry v. Bergen

3

County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).

Section 2241 provides in relevant part:

> . . . Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . . (c) The Writ of habeas corpus shall not extend to a prisoner unless- . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States. . . [28 U.S.C. § 2241)(C)(3).]

F.R.A.P. 23(a)

Federal Rule of Appellate Procedure Provides in relevant part:

> (a) **Transfer of Custody Pending Review**. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule...

The Federal Rules of Appellate Procedure only apply to matters on appeal. Anderson v. Henman, 1993 WL 188277 (D.Kan. May 28, 1993). According to Petitioner, he was transferred even "though he had a habeas corpus Petition before the District Court." (Pet., Grounds.) Petitioner's case was simply not pending on appeal at the time of his transfer. Indeed, all that was pending on that date of his transfer was a motion before the District Court under 28 U.S.C § 2255 to vacate his sentence. Moreover a motion pursuant to § 2255 is not a true habeas corpus petition, but rather "a further step in the movant's criminal case and not a separate civil action." Wood v.

4

United States, 873 F. Supp 56 (W.D. Mich. 1995). See also Rules Governing § 2255 Proceedings, Rule 1, Advisory Committee Note. That Note provides, in relevant part:

> The basic scope of this post conviction remedy is prescribed by 28 U.S.C. § 2255. Under these rules the person seeking relief from federal custody files a motion to vacate, set aside, or correct sentence, rather than a petition for habeas corpus. This is consistent with the terminology used in section 2255 and indicates the difference between this remedy and federal habeas for a state prisoner. Also, habeas corpus is available to the person in federal custody if his "remedy by motion is inadequate or ineffective to test the legality of his detention."
>
> Whereas sections 2241-2254 (dealing with federal habeas corpus for those in state custody) speak of the district court judge "issuing the writ" as the operative remedy, section 2255 provides that, if the judge finds the movant's assertions to be meritorious, he "shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." This is possible because a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action, as appears from the legislative history...[2]

---

[2] The Court also notes that an inmate does not have a liberty interest in assignment to a particular institution or to a particular security classification. See Wilkinson v. Austin, 125 S. Ct. 2384, 2393 (2005) (the Constitution does not give rise to a liberty interest in avoiding transfers to more adverse conditions of confinement); Olm v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236, 243 (1976); Moody v. Daggett, 429 U.S. 78 (1976). Moreover, the placement of prisoners within the federal prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." Montayne, 427 U.S. at 225.

5

### III.  CONCLUSION

As Appellate Rule 23(a) does not apply to Hairston, this Court will deny habeas relief and dismiss the Petition.

An appropriate Order accompanies this Opinion.

_____
FREDA L. WOLFSON
UNITED STATES DISTRICT JUDGE

DATED  Oct. 14 ,2005